**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**LIVINGSTON ENERGY OF KY LLC,**

**Plaintiff,**

**v.**

**Civil Action 2:26-cv-564**
**Judge Michael H. Watson**
**Magistrate Judge Chelsey M. Vascura**

**JAVELIN GLOBAL COMMODITIES,**

**Defendant.**

## OPINION AND ORDER

In this diversity action, Plaintiff, Livingston Energy of KY, LLC, sues Defendant, Javelin Global Commodities, for violation of Ohio Revised Code § 1335.31, breach of contract, quantum meruit, and fraudulent misrepresentation/inducement. (Compl., ECF No. 3.) This matter is before the Court on Defendant's Motion to Stay Discovery (ECF No. 17). For the reasons below, Defendant's Motion is **GRANTED**.

## I. BACKGROUND

Plaintiff filed its Complaint against Defendant in the Court of Common Pleas for Harrison County, Ohio, on October 16, 2025. (ECF No. 3.) The Complaint seeks sales commissions allegedly due under a 2021 Agency Agreement between the parties. (*See generally id.*) Defendant removed the action to this Court on May 11, 2026. (Notice of Removal, ECF No. 1.) On June 1, 2026, Defendant filed a Motion to Dismiss under the doctrine of *forum non conveniens*. (ECF No. 11.) Therein, Defendant argues that the Agency Agreement contains a forum selection clause requiring that any litigation pertaining to the Agency Agreement be

brought in the High Court in London, United Kingdom. (*Id.*) Defendant then filed the subject Motion to Stay Discovery (ECF No. 17), asking that discovery be stayed pending resolution of the Motion to Dismiss. Plaintiff opposed, arguing that dispositive motions targeting venue rarely justify a stay because they concern only the forum in which the merits will be decided, rather than the merits. (Pl.'s Mem. in Opp'n 7–8, ECF No. 19.) On reply, Defendant countered that the available discovery in the High Court in London is much more limited than the wide-ranging discovery available in U.S.-based litigation. (Def.'s Reply, ECF No. 20.)

## II. STANDARDS GOVERNING STAYS OF DISCOVERY

"A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court." *Peters v. Credit Prot. Ass'n LP*, No. 2:13-CV-767, 2014 WL 6687146, at *3 (S.D. Ohio Nov. 26, 2014). The Federal Rules of Civil Procedure "permit[] a district court to issue a protective order staying discovery during the pendency of a motion for 'good cause shown.'" *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-cv-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (quoting Fed. R. Civ. P. 26(c)). As the United States Court of Appeals for the Sixth Circuit has often recognized, "[d]istrict courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). In addition, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

In assessing whether a stay is appropriate, "a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be

worked by a denial of discovery." *Bowens*, 2010 WL 3719245, at *1. "When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery." *Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-0292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010) (citing *Marrese v. Am. Acad. of Orthopedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983)).

In exercising its discretion on this issue, the Court has frequently found that "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Bowens*, 2010 WL 3719245, at *2 (internal citation omitted) (denying the defendants' motion to stay discovery despite their pending summary judgment motion); *see also Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at *1–2 (S.D Ohio Sept. 7, 2010) (denying motion to stay discovery pending a ruling on a potentially dispositive motion). The Court has noted various reasons for this general approach:

> The intention of a party to move for judgment on the pleadings is not ordinarily sufficient to justify a stay of discovery. 4 J. Moore, *Federal Practice* § 26.70[2], at 461. Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation . . . . Since motions to dismiss are a frequent part of federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions. Furthermore, a stay of the type requested by defendants, where a party asserts that dismissal is likely, would require the court to make a preliminary finding of the likelihood of success on the motion to dismiss. This would circumvent the procedures for resolution of such a motion. Although it is conceivable that a stay might be appropriate where the complaint was utterly frivolous, or filed merely in order to conduct a "fishing expedition" or for settlement value, *cf. Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741, 95 S.Ct. 1917, 1928, 44 L.Ed.2d 539 (1975), this is not such a case.

*Williams*, 2010 WL 3522397, at *2 (quoting *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)). Accordingly, a stay will not "ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion" unless that motion "raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks

merit and will almost certainly be dismissed." *Williams*, 2010 WL 3522397, at *2; *see also Ohio Bell Tel. Co. v. Glob. NAPs Ohio, Inc.*, No. 2:06-CV-0549, 2008 WL 641252, at *1 (S.D. Ohio Mar. 4, 2008); *see also Peters*, 2014 WL 6687146, at *3.

## III. ANALYSIS

Defendant has demonstrated that a stay of discovery is appropriate in this case. It is true that forum selection clause arguments concerning an alternate U.S.-based forum typically do not warrant a stay of discovery. *See*, *e.g.*, *Array of Soap, LLC v. Magnolia Soap & Bath Co. FRCH, LLC*, No. 2:25-CV-339, 2026 WL 617336, at *3 (S.D. Ohio Mar. 5, 2026). But unlike *Array of Soap*, the proposed alternate forum in this case is outside the U.S. and outside the reach of U.S. discovery obligations. And, as Defendant explains, the difference in discovery procedures between the U.S. and U.K. is substantial:

> Discovery in this Court allows for a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case. Depositions of witnesses are also permitted. In contrast, if this case were filed where it was supposed to be filed – in the High Court of London – then English law would apply and under UK civil law, the parties would participate in "disclosure" which is the pre-trial phase where opposing parties formally declare and exchange all relevant, non-privileged documents within their control that affect either side's case. UK law also does not have a pre-trial deposition process like the U.S. Instead, English courts rely on detailed witness statements exchanged in advance of trial and cross-examination is generally reserved for trial.

(Def.'s Reply 2, ECF No. 20.)

The undersigned expresses no opinion on the merits of Defendant's Motion to Dismiss. However, given that the parties at least facially contracted for a U.K. forum with more limited U.K. discovery procedures, the undersigned finds that Defendant's Motion to Dismiss is not a "garden variety" Rule 12(b)(6) motion and raises issues more akin to "immunity from suit, which would be substantially vitiated absent a stay." *See Williams*, 2010 WL 3522397, at *2. The undersigned further finds that Plaintiff will not be unduly prejudiced by a brief stay until the

Court determines where this case should proceed. Accordingly, a stay of discovery is appropriate.

## IV. DISPOSITION

For these reasons, Defendant's Motion to Stay Discovery (ECF No. 17) is **GRANTED**. Discovery in this matter is **STAYED** pending the Court's resolution of Defendant's Motion to Dismiss (ECF No. 11).

**IT IS SO ORDERED.**

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE